# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0309V
Filed: April 3, 2020
UNPUBLISHED

| | |
|---|---|
| JOSEPH ZULASKI, <br><br>     Petitioner, <br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>     Respondent. | Petitioner's Motion for a Decision Dismissing Petition; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); Vaccine Act Entitlement; Denial Without Hearing; Special Processing Unit (SPU) |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION** [1]

**Corcoran**, Chief Special Master:

  On February 28, 2018, Joseph Zulaski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program").[3] Petitioner alleges that he suffered left Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on November 1, 2016. Petition at 1, ¶¶ 7, 20. The information in the record does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 30, 2020, Petitioner moved for a decision dismissing his petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.  (ECF 37).  Petitioner acknowledges in his motion that his "immunization record does not indicate the route and site of the flu vaccination administered on November 1, 2016." *Id*. at ¶ 1. Specifically, he indicated that he is unable to prove whether he received an intradermal or intramuscular flu injection. *Id*. at ¶ 2. Petitioner further indicated that he "understands that a Decision by the Chief Special Master dismissing his Petition will result in a Judgment against him. [Petitioner] has been advised that such a judgment will end all of his rights in the Vaccine Program."  *Id*. at ¶ 7.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13(a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.  For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                                                <u>s/Brian H. Corcoran</u>
                                                                                Brian H. Corcoran
                                                                                Chief Special Master